UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

FRANCISCO VIDAL; MARTIN NARES; DOE INMATES I THROUGH X,

Plaintiff,

v.

STEVE SISOLAK; JAMES DZURENDA; BRIAN E. WILLIAMS; MIGUEL FORERO SPECIALIST; BRYAN G. M.D.; NURSE DOES I THORUGH X,

Defendants.

Case No. 2:19-CV-01688-JCM-EJY

**ORDER**

Before the Court is Plaintiff Francisco Vidal's Emergency Motion for Injunctive Relief appearing on a Civil Rights Complaint form. ECF No 1-1. Plaintiff's Motion/Complaint is not accompanied by a request to proceed *in forma pauperis* and Plaintiff has not paid the filing fee necessary to initiate a case. For this reason alone, Plaintiff's Motion/Complaint need not be considered by the Court. Ordinarily, Plaintiff must either submit a completed *in forma pauperis application* or pay the filing fee before the Court ordinarily screens the complaint under 28 U.S.C. § 1915(e)(2).

Despite the failure to complete an *in forma pauperis* application or pay the filing fee, the Court screens Plaintiff's filing.

**I.    Screening Procedure**

When screening a prisoner complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim of relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556

1

1  U.S. 662, 678 (2009).  The court liberally construes pro se complaints and may only dismiss them

2  "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which

3  would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Iqbal*,

4  556 U.S. at 678).

5  When considering whether Plaintiff's Complaint/Motion is sufficient to state a claim, all

6  allegations of material fact are taken as true and construed in the light most favorable to the plaintiff.

7  *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted).

8  Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff

9  must provide more than mere labels and conclusions.  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544,

10  555 (2007).  A formulaic recitation of the elements of a cause of action is insufficient.  *Id.*  Unless it

11  is clear the complaint's deficiencies could not be cured through amendment, a *pro se* plaintiff should

12  be given leave to amend the complaint with notice regarding the complaint's deficiencies.  *Cato v.*

13  *United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).  Here, Plaintiff lacks standing to bring the first

14  claim for relief he has filed.

15  **II.     Plaintiff's Complaint/Motion**

16          A.      Plaintiff's First Claim for Relief

17  Plaintiff's first claim for relief is asserted on behalf of another prisoner who Plaintiff

18  identifies as Martin Nares.  In order for Plaintiff to state a claim for injunctive relief on behalf of

19  another, Plaintiff must establish what is known as third-party standing (the right to bring the claim

20  to court on behalf of another).

21  To satisfy the standing requirements of Article III, a party seeking a declaratory judgment

22  "must allege facts from which it appears there is a substantial likelihood that he will suffer injury in

23  the future."  *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir.2003) (citing *City of Los Angeles v. Lyons*,

24  461 U.S. 95, 102–03 (1983)).  In Plaintiff's first cause of action, he cites no injury to himself and

25  makes no claim that there is a substantial likelihood that he will suffer injury in the future.  Thus,

26  Plaintiff does not have standing to bring this claim.

27  To establish third party standing to bring his first claim for relief, Plaintiff would have to

28  establish, at a minimum, (1) a close relationship to the third party, and (2) some genuine obstacle

preventing the third party from asserting their own rights. *Singleton v. Wuff*, 428 U.S. 106, 114-15 (1976); *Innovation Review Lab v. Nielsen*, 310 F.Supp. 1150, 1161 (D. Or. 2018). Here, even if there were a basis to consider third party standing, Plaintiff alleges no relationship between himself and Mr. Nares other than they are both prisoners in the same facility. Plaintiff also does not explain why Mr. Nares cannot bring a claim on his own behalf. For these reasons, Plaintiff's first cause of action fails as stated.[1]

### B.    Plaintiff's Second Claim for Relief

Plaintiff's second claim for relief is sought on his own behalf and alleges the denial of medical care for a lump in his groin. Plaintiff claims not only did he not receive adequate medical care, but there was deliberate indifference to his medical need. Plaintiff also asserts medical malpractice and negligence. Before discussing the substance of Plaintiff's claim, the Court notes that Plaintiff sues every defendant in his/her official and individual capacity. State officials sued in their official capacity are not persons under section 1983 unless they are sued for prospective injunctive relief. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 & n. 10 (1989).

In Plaintiff's second claim for relief he only identifies defendants Dr. Bryan and Dr. Manalang, and further states that he has been putting in medical kites that have been ignored. Plaintiff asks the Court to compel "them" to follow through with specific medical procedures he discussed with each of these two defendants (a CT scan and ultrasound of a growth in his groin area). Plaintiff asks for no other relief or damages.

With respect to all defendants other than Drs. Bryan and Manalang, Plaintiff's second claim for relief fails to identify how, if at all, any individual named or unnamed was in any capacity involved with his alleged failure to receive medical care. Reading the Complaint liberally, and construing the allegations as creating liability based on supervisory capacity, Plaintiff's claims fails against all defendants except Drs. Bryan and Manalang.

A defendant may be held liable in a supervisory capacity under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal

---

[1]    The Defendant Miguel Forero is identified in Plaintiff's first claim for relief only. Given that the first claim will be dismissed as pled, claims against Mr. Forero will also be dismissed.

1  connection between the supervisor's wrongful conduct and the constitutional violation." *Hansen v.*

2  *Black*, 885 F.2d 642, 646 (9th Cir.1989). "[A] plaintiff must show the supervisor breached a duty

3  to plaintiff which was the proximate cause of the injury. The law clearly allows actions against

4  supervisors under section 1983 as long as a sufficient causal connection is present and the plaintiff

5  was deprived under color of law of a federally secured right." *Johnson v. Duffy*, 588 F.2d 740, 743-

6  44 (9th Cir. 1978). "The requisite causal connection can be established ... by setting in motion a

7  series of acts by others," *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (citation omitted), or by

8  "knowingly refus[ing] to terminate a series of acts by others, which [the supervisor] knew or

9  reasonably should have known would cause others to inflict a constitutional injury," *Dubner v. City*

10  *& Cnty. of San Francisco*, 266 F.3d 959, 968 (9th Cir. 2001) (citations omitted). "A supervisor can

11  be liable in his individual capacity for his own culpable action or inaction in the training, supervision,

12  or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct

13  that showed a reckless or callous indifference to the rights of others." *Watkins v. City of Oakland*,

14  145 F.3d 1087, 1093 (9th Cir.1998) (internal alteration and quotation marks omitted). Here, Plaintiff

15  alleges no facts that support a finding that any of the defendants named (other than Drs. Bryan and

16  Manalang) are culpable, acquiesced in the constitutional deprivation claims or showed reckless or

17  callous disregard for Plaintiff. Hence, as stated all claims against individuals other than Dr. Bryan

18  and Dr. Manalang are dismissed to the extent liability is sought based on their supervisory capacity.

19  With respect to Drs. Bryan and Manalang, they *may* be liable as state officials if they acted

20  with deliberate indifference and were subjectively aware of, but purposefully ignored or failed to

21  respond to, an "excessive risk to inmate health" (*i.e.*, a serious medical need). *Colwell v. Bannister*,

22  763 F.3d 1060, 1066 (9th Cir. 2014) (citations omitted). A defendant's alleged indifference must be

23  "substantial." *Estelle*, 429 U.S. at 105-06; *Lemire v. California Department of Corrections and*

24  *Rehabilitation*, 726 F.3d 1062, 1081-82 (9th Cir. 2013) (citations omitted). A prison doctor's

25  mistake, negligence, or malpractice does not establish deliberate indifference to serious medical

26  needs. *Estelle*, 429 U.S. at 105-06. "Even gross negligence is insufficient ...." *Lemire*, 726 F.3d at

27  1082 (citation omitted). "[T]he official must both be aware of facts from which the inference could

28

4

1   be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Colwell*,

2   763 F.3d at 1066 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) ) (quotation marks omitted).

3          A prisoner need not prove that he was completely denied medical care. *Lopez v. Smith*, 203

4   F.3d 1122, 1132 (9th Cir. 2000) (en banc).  Rather, deliberate indifference may be "manifested by

5   prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying

6   or delaying access to medical care or intentionally interfering with the treatment once prescribed."

7   *Estelle*, 429 U.S. at 104-05 (footnotes omitted).  The medical care a defendant provided to an inmate

8   amounts to deliberate indifference only if the doctor chose a course of treatment that "was medically

9   unacceptable under the circumstances" and did so "in conscious disregard of an excessive risk to

10  plaintiff's health." *Colwell*, 763 F.3d at 1068 (citations and internal quotation marks omitted).

11         Plaintiff's second claim for relief seeks prospective injunctive relief for alleged deliberate

12  indifference to his medical needs.  This states a facially viable claim for relief.  Although Plaintiff

13  does not state when he was seen by Dr. Manalang, the face of his Complaint states the alleged

14  violation occurred on July 28, 2019.  The substance of the Complaint shows that this is when Plaintiff

15  alleges he first discovered that Dr. Manalang had not placed an order for follow up medical tests on

16  a lump in Plaintiff's groin that may be cancer.  This is also when Plaintiff alleges Dr. Bryan refused

17  to properly examine Plaintiff and refused to place any orders for Plaintiff despite reading the record

18  showing that Dr. Manalang found something of concern and was going to place an order for a CT

19  scan and ultrasound, but never did.  Plaintiff states that Dr. Bryan refused stating: "No.  I'm not

20  going to do his job."  Plaintiff states he pleaded with Dr. Bryan, but all Dr. Bryan did was tell him

21  to monitor the lump.  The totality of the facts are sufficient to state a timely, facial claim that Drs.

22  Bryan and Manalang purposefully ignored and failed to respond to Plaintiff's "excessive risk" to his

23  health.

24                                          **ORDER**

25         Accordingly,

26         IT IS HEREBY ORDERED that the Clerk of the Court WILL SEND Plaintiff the approved

27  form application to proceed *in forma pauperis* by a prisoner, as well as the document entitled

28  information and instructions for filing an *in forma pauperis* application.

1        IT IS FURTHER ORDERED that within thirty (30) days from the date of this Order, Plaintiff

2   will either: (1) file a fully complete application to proceed *in forma pauperis*, on the correct form

3   with complete financial attachments in compliance with 28 U.S.C. § 1915(a); or (2) pay the full $400

4   fee for filing a civil action (which includes the $350 filing fee and the $50 administrative fee).

5        IT IS FURTHER ORDERED that if Plaintiff does not timely comply with this Order,

6   Plaintiff's entire action may be subject to dismissal.

7        IT IS FURTHER ORDERED that, as stated, Plaintiff's current Motion/Complaint (ECF No.

8   1-1) fails to state claims against any named defendant except Dr. Bryan and Dr. Manalang.  If not

9   amended all claims asserted against defendants other than Dr. Bryan and Dr. Manalang are subject

10  to dismissal for the reasons stated above.

11       IT IS FURTHER ORDERED that the Clerk of the Court will retain the complaint (ECF No.

12  1-1) but will not file it at this time.

14       DATED:  October 10, 2019

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

6