UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANCISCO VIDAL et al.,

    Plaintiffs

v.

STEVE SISOLAK et al.,

    Defendants

Case No. 2:19-cv-01688-JCM-EJY

ORDER

**I.  DISCUSSION**

This 42 U.S.C. § 1983 civil rights complaint purports to have two plaintiffs in this case-Francisco Vidal and Martin Nares. (ECF No. 1-1 at 1). The court notes that only plaintiff Vidal has signed the complaint and only plaintiff Vidal has submitted an application to proceed *in forma pauperis*. (ECF No. 1-1 at 12; ECF No. 3). Additionally, plaintiff Vidal appears to want to file an amended complaint in order to turn this case into a class action. (ECF No. 4). Plaintiff Vidal also seeks to extend his copy work limit. (ECF No. 5).

*Pro se* litigants have the right to plead and conduct their own cases personally. *See* 28 U.S.C. § 1654. However, *pro se* litigants have no authority to represent anyone other than themselves. *See Cato v. United States*, 70 F.3d 1103, 1105 n.1 (9th Cir. 1995); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir. 1987).

Plaintiff Nares has not filed anything in this case and has not signed any documents. As such, plaintiff Vidal is attempting to represent plaintiff Nares even though plaintiff Vidal does not have the authority to do so. The court dismisses plaintiff Martin Nares from this case without prejudice to file his own action in a separate lawsuit. The court also denies plaintiff's request to amend his complaint and make it a class action lawsuit because plaintiff Vidal lacks the authority to represent others. (ECF No. 4).

Additionally, according to the Nevada department of corrections ("NDOC") inmate database, plaintiff Vidal is no longer incarcerated. However, plaintiff Vidal has not filed

an updated address with this court. The court notes that pursuant to Nevada local rule of practice IA 3-1, a "pro se party must immediately file with the court written notification of any change of mailing address, email address, telephone number, or facsimile number. The notification must include proof of service on each opposing party or the party's attorney. Failure to comply with this rule may result in the dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court." Nev. Loc. R. IA 3-1. This court grants plaintiff Vidal thirty (30) days from the date of entry of this order to file his updated address with this court. If plaintiff Vidal does not update the court with his current address within thirty (30) days from the date of entry of this order, the court will dismiss this action without prejudice.

The court denies plaintiff Vidal's application to proceed *in forma pauperis* for prisoners (ECF No. 3) as moot because plaintiff Vidal is no longer incarcerated. The court now directs plaintiff Vidal to file an application to proceed *in forma pauperis* by a non-prisoner within thirty (30) days from the date of this order or pay the full filing fee of $400. The court denies plaintiff Vidal's motion to extend his copy work limit in prison (ECF No. 5) because plaintiff Vidal is no longer incarcerated.

**II.    CONCLUSION**

For the foregoing reasons, it is ordered that plaintiff Nares is dismissed without prejudice from this case with leave to file his own complaint and application to proceed *in forma pauperis* in a new action.

It is further ordered that the motion to amend the complaint into a class action (ECF No. 4) is denied.

It is further ordered that the motion to extend copy work limit (ECF No. 5) is denied.

It is further ordered that plaintiff Vidal will file his updated address with the court within **thirty (30) days** from the date of this order.

It is further ordered that plaintiff Vidal's application to proceed *in forma pauperis* for prisoners (ECF No. 3) is denied as moot.

It is further ordered that the clerk of the court will send plaintiff Vidal the approved

form application to proceed *in forma pauperis* by a non-prisoner, as well as the document entitled information and instructions for filing an *in forma pauperis* application.

It is further ordered that within **thirty (30) days** from the date of this order, plaintiff Vidal will either: (1) file a fully complete application to proceed *in forma pauperis* for non-prisoners; or (2) pay the full filing fee of $400.

It is further ordered that, if plaintiff Vidal fails to timely update his address and file an application to proceed *in forma pauperis* by a non-prisoner or pay the full filing fee of $400, the court will dismiss this case without prejudice.

DATED May 13, 2020.

_____
UNITED STATES DISTRICT JUDGE